# Columbian Fire Proofing Company *v.* Great Northern Paper Company, Appellant.

*Trial—Question of fact—Verdict.*

Where a question of fact is squarely raised at the trial, and the case is properly submitted to the jury, the appellate court cannot help the losing party because of the alleged injustice of the verdict.

*Evidence—Written agreement—Admission of portion of contract.*

Where the trial court admits under objection and exception part of the specifications of a written contract, but afterwards admits the whole of the specifications, and the jury is instructed to consider them as a part of the contract, the judgment will not be reversed because of the admission of a part of the specifications before the whole were admitted.

Argued Oct. 28, 1903. Appeal, No. 50, Oct. T., 1903, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1901, No. 610, on verdict for plaintiff in case of Co-

lumbian Fire Proofing Company v. Great Northern Paper Company.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Assumpsit for balance alleged to be due on a building contract.   Before BROWN, J.

Verdict and judgment for plaintiff for $9,083.27.   Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*S. W. Childs*, of *White, Childs & Scott*, for appellant.

*R. A. Balph*, with him *James Balph*, for appellee.

PER CURIAM, November 9, 1903:

The plaintiff made a written contract with defendant by which it undertook to construct for defendant certain concrete floors in defendant's mill building.   Plaintiff averred it had fulfilled its contract and that there was a balance due on it of $9,083.27, which defendant refused to pay and for this alleged balance this suit was brought.   The plaintiff undertook to prove full performance; the defendant denied performance and offered evidence tending to support the denial.   The issue thus became almost wholly a question of fact.   The learned trial judge submitted all the evidence very impartially to the jury who found for plaintiff.   As to the complaints touching, really, the alleged injustice of the verdict, we cannot help defendant, for we do not see how if we had presided at the trial ourselves we could have done other than the court below did.

Complaint is made that when plaintiff offered in evidence its contract, Exhibit No. 1, the court admitted it, against defendant's objection, that the exhibit was not the whole contract but only a part of the general specifications, but afterwards the court admitted the whole of the general specifications, and the jury was instructed in substance, to consider them as a part of the contract, so that defendant did not suffer by any technical ruling on the admissions of plaintiff's offer of contract.

We can see nothing in appellant's assignments of error warranting further discussion; they are all overruled and the judgment is affirmed.